# Exhibit "A"

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

RICARDO MANTEZ JONES,

    Plaintiff,

v.                                                                                       CASE NO.

CITY OF MIAMI, and
JOHNATHAN RUANO, individually,

    Defendants.

_____/

## COMPLAINT

Plaintiff, RICARDO MANTEZ JONES ("Plaintiff"), by and through the undersigned, hereby files this Complaint against Defendants, CITY OF MIAMI ("the City") and JOHNATHAN RUANO ("the Officer" or "Ruano"), and in support thereof states as follows:

1. This action is brought for violations of the, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983 ("§ 1983").

2. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1343(1)(3)(4), This Court has further jurisdiction pursuant to 28 U.S.C. §§ 2201, 2202, the doctrine of pendent jurisdiction.

3. Plaintiff is in excess of 18-years-of-age and a resident of Miami-Dade County, Florida.

4. The City is a municipality within Miami-Dade County, Florida.

5. Officer Ruano is in excess of 18-years-of-age and are residents of the City, Florida. At all times material to the allegations of this Complaint, the Officer was employed by the City as a police officer.

6. Those acts or omissions challenged here as constituting a depravation of Plaintiff's constitutionally protected rights, as well as any acts characterized as negligence, all occurred

within Miami-Dade County, Florida.

## COUNT I: VIOLATION OF § 1983 AGAINST THE CITY

7. Plaintiff, readopts and realleges paragraphs 1 through 6 as though fully set forth herein, and further allege:

8. On February 10, 2016, Plaintiff was falsely arrested and incarcerated for ten days.

9. On February 10, 2016, Officer Ruano (#40822) entered Mr. Jones' residence apartment building located at 1235 NW 2 Ave., Miami, Florida over Mr. Jones' request for a search warrant. The Officer did not have a warrant. The officer walked through the hallway and exited the back door which was locked. When the door closed it locked by itself. Mr. Jones did not have any idea why the officer was at the scene or building. Apparently, the officer could not reenter the building.

10. Mr. Jones went to the front of the building and other police officers arrived at the building. They asked Mr. Jones to open the back door, which he did.

11. Officer Ruano then arrested Mr. Jones for resisting officer without violence, disorderly conduct/breach of the peace and false imprisonment. Mr. Jones spent days in jail without legal cause.

12. On February 19, 2016 criminal Court Judge Dennis Murphy dismissed the criminal case. Mr. Jones suffered false imprisonment for 10 days and now he has a criminal record.

13. The events described in paragraphs 8 through 12 occurred as a direct and proximate result of practices, procedures, customs, and policies, which have been adopted by the City, which resulted in the deprivation of the constitutionally protected rights to which Plaintiff was entitled pursuant to the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. This deprivation of constitutionally protected rights is a violation of § 1983.

14. The policies, customs, and practices adopted by the City that resulted in violations of §

1983 include, but are not limited to, the following, any of which standing alone would have been a policy of practice sufficient to cause the deprivation of rights:

   a. Failed to properly screen applicants applying for the position of police officer (employed by the City) with the appropriate accounting, auditing and evaluation of business records, licenses and permits;

   b. Failed to properly hire and train police officers that officers who were likely to deprive citizens of their constitutionally protected rights were permitted to patrol the streets enforcing ordinances where accounting procedures where necessary;

   c. Failed to appropriately train police officers in the use of the power of arrest; and/or permitted the use of arrest in circumstances which would be tantamount to a deprivation of a suspect's constitutionally protected rights if licensing were not checked;

   d. Adopted policies and/or customs of failing to discipline and/or terminate police officers who improperly used intimidation and force in connection with their employment;

   e. Adopted a policy and procedure of permitting police officers cover up and/or hide the improper use of intimidation, coercion and threats of repeated arrests so that officers were in fact were not disciplined for doing so;

   f. Failed to implement an appropriate warning system for dealing with officers who evinced a proclivity for depriving citizens of constitutionally protected rights;

   g. Adopted a policy, procedure and/or customs of failing to take remedial action against officers who performed illegal searches and seizures, false arrest, intimidation and force in violation of constitutionally protected rights of suspects

of citizens;

    h. Instituted a policy, procedure or custom failing to respond to numerous incidents of the use of unnecessary force, arrest, searches and seizures of suspects, citizens and their business without warrant such that the City knew or should have known of a proclivity to use unnecessary force, arrest, searches and seizures against such persons, said acts constituting a violation of the constitutionally protected rights;

    i. Adopted a use of force, intimidation and arrests policy which is incompatible with citizens, such as Plaintiff's constitutionally-protected right to be free from the right not to be deprived of life, liberty, or bodily injury without due process of law.

15. The policies and procedures described above directly and proximately deprived Plaintiff of the following constitutionally guaranteed rights and privileges, said deprivation constituting a violation of § 1983:

    a. The right and privilege not to be deprived of their liberty, and physical well-being without due process and equal protection of the law;

    b. The right and privilege to be free from an unlawful act upon the physical integrity of his person;

    c. The right and privilege to be secure in their person while in the custody of the City's police officers;

    d. The right and privilege not to be subject to punishment without due process of law;

    e. The right and privilege to be immune, while under investigation by the City's police officers, from illegal assault and battery by any person exercising the authority of the City;

    f. The right and privilege to be free from cruel and unusual punishment; the right to

be free from physical abuse, coercion, and intimidation.

16. All of the actions described hereinabove, and attributed to the Officers employed by the City, were undertaken under the color of the law and authority vested in them by the City as police officers.

17. As a direct and proximate result of the policies and procedures implemented by the City, and described hereinabove, Plaintiff suffered the following damages, all compensable pursuant to § 1983:

   a. Pain and suffering, in the past, and to be incurred in the future;
   b. Mental anguish, and loss of the capacity for the enjoyment of life, incurred in the past, and to be incurred in the future;
   c. Loss of earnings in the past and loss of ability to earn money in the future;
   d. Mental anguish and business incurred in the past, and to be incurred in the future;
   e. All damages provided for by § 1983 as a result of physical injuries, mental anguish, and deprivation of liberty and their right to earn a living with gainful.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against the Defendant, the City, as follows:

   a. For all compensatory damages provided for by § 1983;
   b. For all costs incurred in the prosecution of this cause;
   c. For all interest imposed at the legal rate subsequent to the entry of judgment;
   d. For any further judgments, decrees, or orders necessary to effectuate final judgment entered by the Court;
   e. For all attorneys' fees reasonably and necessarily incurred by Plaintiff in the prosecution of this cause;

## COUNT II: VIOLATIONS OF § 1983 AGAINST THE OFFICER

18. Plaintiff readopts and realleges paragraphs 1 through 6 as though fully set forth herein, and further alleges:

19. The relevant time period, the Officer was acting under the color of local, and/or State Law, and acting within the course and scope of his employment as the City's police officer.

20. The events described in paragraphs 8 through 12 occurred as a direct and proximate result of practices, procedures, customs, and policies, which have been adopted by the City, which resulted in the deprivation of the constitutionally protected rights to which Plaintiff was entitled pursuant to the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. This deprivation of constitutionally protected rights is a violation of § 1983.

21. As a direct and proximate result of unlawful arrests, unlawful searches and seizures, excessive force, intimidation, Plaintiff sustained physical and emotional injuries, loss of income, employment, and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, the expense fines, bond, attorneys' fees, loss of ability to earn money, and various other damages including. Plaintiff will suffer these losses in the future and has already suffered these losses in the past.

22. The actions of the Officer constituted a deprivation of the following constitutionally protected rights afforded to Plaintiffs, and a clear violation of § 1983:

   a. The right and privilege not to be deprived of his fife and liberty without due process and equal protection of the laws;

   b. The right and privilege to be free from unlawful attack upon the physical integrity of his person;

   c. The right and privilege to be secure in their person while speaking with or dealing

with the Officers or walking down the street;

d. The right and privilege not to be subjected to punishment without due process of law;

e. The right and privilege to be immune, while being investigated and/or confronted by the Officers acting under the color of law, from illegal arrest assault and battery;

f. The right and privilege to be free from cruel and unusual punishment;

g. The right and privilege to be free from physical abuse, coercion, and intimidation.

23. The actions of the Officer resulted directly and proximately in the deprivation of the aforementioned constitutionally protected rights afforded to Plaintiff. Further, the actions of the Officer constituted a misuse of the power possessed by them by virtue of State Law as well as the law and local ordinances of the City. These deprivations of the constitutionally protected rights of Plaintiff were made possible as a result of the Officer being clothed with the authority of State Law as a duly credentialed and hired as the City's police officers.

**WHEREFORE**, Plaintiff requests that judgment be entered against the Officers as follows:

a. For all compensatory damages properly recoverable pursuant to § 1983;

b. For all attorneys' fees incurred in the prosecution of this cause;

c. For all costs incurred in the prosecution of this cause;

d. For all interest incurred subsequent to the entry of judgment;

e. For punitive damages;

f. For any further relief the Court deems just and appropriate or which is necessary to implement the judgments, decrees, or orders of the Court;

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 3/22/18

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar Number: 533637
agp@rgpattorneys.com

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005